```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA


BRIAN A. DAVIS, et al,            :
                                  :
        Plaintiffs,               :
                                  :
    v.                            :  Civil Action No. 02-2166 (JR)
                                  :
THE UNITED STATES CONGRESS,       :
                                  :
        Defendant.                :
```

**MEMORANDUM**

Plaintiffs, a number of prisoners who were given the statutory mandatory minimum sentences after their convictions for unlawful possession and distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and (b)(1)(B)(iii), bring a constitutional challenge to the disparities in the statutory punishments for "crack" and powder cocaine offenses. They seek a judicial declaration that the sentencing disparities violate the equal protection component of the Fifth Amendment. Pending before the Court is plaintiffs' motion to appoint counsel and to certify the class. The motion will be denied, and the case will be dismissed sua sponte for failure to state a claim upon which relief can be granted.

It is well established that the harsher sentences imposed by statute for crack cocaine offenses have a disproportionate impact on blacks. The lead plaintiff, Brian Davis, alleges that he is serving a life sentence for his conviction under 21 U.S.C § 841(a)(1) -- for an offense he

committed when he was 17 years old.  He and the other black plaintiffs make an impassioned equal protection argument, citing the extensive scholarship on the subject.  This Court, however, is required by clear and controlling precedent to dismiss the complaint.  See United States v. Johnson, 40 F.3d 436 (D.C. Cir. 1994), cert. denied, 514 U.S. 1041 (1995); United States v. Thompson, 27 F.3d 671 (D.C. Cir.), cert. denied, 513 U.S. 1050 (1994); see also United States v. Edwards, 98 F.3d 1364, 1368 (D.C. Cir. 1996).  Plaintiffs cannot prevail on the facts alleged in their complaint because:

> [plaintiffs] must show more than that the sentencing scheme has a disproportionate impact on those African-Americans who are convicted of cocaine-related offenses . . . The Supreme Court has required that a "decisionmaker . . . selected or reaffirmed a course of action at least in part 'because of' not merely 'in spite of' its adverse effect upon an identifiable group.

Johnson, 40 F.3d at 439 (quoting Personnel Adm'r of Massachusetts v. Feeney, 442 U.S. 256, 279 (1979), aff'd, 445 U.S. 901).  Plaintiffs complain of "Congress' deep-rooted intolerance with young black men" and characterize Congress' actions with respect to the sentencing disparities as racism.  They do not allege facts that meet the "because of, not merely in spite of" standard established by the Supreme Court.

The complaint will be dismissed sua sponte for failure to state a claim, see Baker v. Director, United States Parole

Comm'n, 916 F.2d 725, 726-27 (D.C. Cir. 1990)(dismissal of complaint sua sponte for failure to state a claim, prior to service and without providing plaintiff notice or opportunity to respond, is proper if it is patently obvious that plaintiff cannot prevail on facts alleged in complaint); see also Sobamowo v. Bonner, 1 F.3d 45 (D.C. Cir. 1993)(unpublished opinion)(same), and plaintiffs' motion to appoint counsel and to certify the class will be denied, by the accompanying order.

                                             JAMES ROBERTSON
                                  United States District Judge